IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WAYNE KING,<br><br>    Petitioner,<br><br>  v.<br><br>BOB HOREL,<br><br>    Respondent<br>_____/ | No. C 06-2606 MMC (PR)<br><br>**ORDER OF SERVICE; DIRECTING RESPONDENT TO FILE RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS** |

    Before the Court is Paul Wayne King's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

## BACKGROUND

    A jury in San Mateo County Superior Court found petitioner guilty of involuntary manslaughter, battery with serious bodily injury committed because of the victim's race, and commission of battery in violation of the victim's civil rights, see People v. King, 2004 WL 1759202, *1 (Cal. App. 2004); the trial court found allegations as to prior convictions to be true, see id. at *14-15. Petitioner was sentenced to a term of 46 years to life. See id. at *1 n. 3.

    On August 4, 2004, 2003, the California Court of Appeal reversed as to the sentence only. See id. at *15. In particular, the Court of Appeal struck certain enhancements and remanded a prior conviction allegation for retrial. See id. In all other respects, the

1 judgment was affirmed. See id. On July 14, 2004, the California Supreme Court denied
2 petitioner's request for review. (See Petition ¶ 6.) On remand, a jury trial was conducted
3 on the prior conviction allegation; the jury found the allegation true and the trial court
4 sentenced petitioner to a term of 42 years to life. (See id. ¶ 7.)

**DISCUSSION**

**A. Legal Standard**

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." See 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." See Hendricks v. Vasquez, 908 F. 2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

**B. Petitioner's Claims**

In his petition, petitioner makes the following claims: (1) the trial court deprived petitioner of a fair trial by admitting expert testimony pertaining to petitioner's tattoos and to the Aryan Brotherhood; (2) the trial court deprived petitioner of a fair trial by, at the outset of the proceedings, stating as fact certain matters in dispute; (3) the prosecutor committed misconduct in his opening statement by referring to an eyewitness statement that was not offered at trial; and (4) the trial court subjected petitioner to double jeopardy by retrying him on the issue of whether one of the prior conviction allegations was true. Petitioner alleges that each of the above claims has been presented to the California Supreme Court. (See Petition at 6.)

The Court cannot say, from the face of the pleadings, that the claims alleged by petitioner are vague, conclusory, palpably incredible, or patently frivolous or false.

1 Consequently, respondent will be directed to file a response to the petition. Specifically,
2 respondent will be directed to either file a motion to dismiss, if such a motion is warranted,
3 or to file an answer, attaching thereto a copy of all portions of the state record relevant to a
4 determination of the issues presented by the petition.

5      In the event respondent files an answer, the Court will set a briefing schedule, and
6 will direct petitioner to file a memorandum of points and authorities in support of his petition,
7 in which memorandum petitioner will be required to set forth, as to each claim asserted,
8 why the state court's adjudication of the claim either "(1) resulted in a decision that was
9 contrary to, or involved an unreasonable application of, clearly established Federal law, as
10 determined by the Supreme Court of the United States[,] or (2) resulted in a decision that
11 was based on an unreasonable determination of the facts in light of the evidence presented
12 in the State court proceeding." See 28 U.S.C. § 2254(d); see also Woodford v. Visciotti,
13 537 U.S. 19, 25 (2002) (holding habeas petitioner has "burden to show that the state court
14 applied [clearly established federal law] to the facts of his case in an objectively
15 unreasonable manner").[1]

### CONCLUSION

17      In light of the foregoing:

18      1. The Clerk of the Court shall serve by certified mail a copy of this order and the
19 petition upon respondent and respondent's attorney, the Attorney General for the State of
20 California.

21      2. Respondent shall file, within 30 days of the date of service of this order, either a
22 motion to dismiss, noticed for hearing pursuant to Civil Local Rule 7-2, or an answer to the
23 petition, attaching thereto a copy of all portions of the state record relevant to a
24 determination of the issues presented by the petition.

25 //

---

27     [1]The petition includes little legal discussion, and, in particular, fails to include any
28 discussion setting forth why petitioner believes the state court's adjudication of his claims entitles him to relief under § 2254(d).

3

1       3. In the event respondent files an answer, the Court will issue a further briefing schedule, directing the parties to address the merits of the claims set forth in the petition, and, specifically, to address whether petitioner is entitled to relief under 28 U.S.C. § 2254(d).

**IT IS SO ORDERED.**

Dated: April 26, 2006

                                        MAXINE M. CHESNEY  
                                        United States District Judge