IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WAYNE KING, | No. C 06-2606 MMC (PR) |
| Petitioner, | **ORDER DENYING PETITIONER'S PETITION FOR CERTIFICATE OF APPEALABILITY** |
| v. | |
| BOB HOREL, | |
| Respondent_____/ | |

On November 17, 2008, the Court denied petitioner Paul Wayne King's petition for a writ of habeas corpus and, on November 18, 2008, the Clerk of the Court entered judgment on the Court's order. Now before the Court is petitioner's "Petition for Certificate of Appealability," filed December 18, 2008. Having read and considered the petition for a certificate of appealabilty and the file in this matter, the Court rules as follows.

A district court shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner is entitled to a certificate of appealability if he "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (internal quotation and citation omitted).

//

Petitioner argues that the California Court of Appeal's decision affirming petitioner's conviction was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, pursuant to 28 U.S.C. § 2254(d).

First, petitioner requests that the Court grant a certificate of appealability on the issue of whether the California Court of Appeal erred, within the meaning of § 2254(d), in determining the trial court did not err in admitting the testimony of a gang expert. In his petition for a writ of habeas corpus, however, petitioner "fail[ed] to articulate [ ] any reason for why such determination was in error, let alone show that such determination constituted a clearly unreasonable application of federal law as determined by the United States Supreme Court." (See Order Denying Petition for Writ of Habeas Corpus, filed November 17, 2008, at 9:13-19.) Similarly, in the instant petition for a certificate of appealability, petitioner fails to identify any reason why "reasonable jurists would find the district court's assessment of the [California Court of Appeal's determination as to admissibility of the testimony] debatable or wrong." See Miller-El, 537 U.S. at 338. Consequently, petitioner has not shown he is entitled to a certificate of appealability with respect to this issue.

Second, petitioner requests that the Court grant a certificate of appealability on the issue of whether the California Court of Appeal erred, within the meaning of § 2254(d), in determining the trial court did not, when reading preliminary instructions to the jury, direct the jury to find petitioner had committed a battery. In support of his petition for a writ of habeas corpus, however, petitioner "fail[ed] to cite any clearly established federal law as determined by the United States Supreme Court in support of the instant claim." (See Order Denying Petition for Writ of Habeas Corpus at 13:6-8.) Similarly, in the instant petition for a certificate of appealability, petitioner fails to identify any reason why "reasonable jurists would find the district court's assessment of the [California Court of Appeal's determination as to the preliminary instructions] debatable or wrong." See Miller-El, 537 U.S. at 338. Consequently, petitioner has not shown he is entitled to a certificate of appealability with respect to this issue.

1   Third, petitioner requests that the Court grant a certificate of appealability on the issue of whether the California Court of Appeal erred, within the meaning of § 2254(d), in determining the prosecutor did not "commit[ ] misconduct in his opening statement by referring to a purported spontaneous eyewitness statement . . . that was not [later] introduced into evidence." See People v. King, 2004 WL 1759202, at *10 (Cal. App. 2004). The California Court of Appeal found the record established that the prosecutor had reason to believe a specific trial witness would provide the testimony described, and that the trial court gave a sufficient limiting instruction after such witness was unable to so testify. This Court found that the state appellate court, in so ruling, properly applied Frazier v. Cupp, 394 U.S. 731 (1969), and, further, that the limiting instruction given was in a form substantially the same as that approved by the Supreme Court in Frazier. See id. at 736. In the instant petition for a certificate of appealability, petitioner fails to demonstrate that any reasonable jurist could find the California Court of Appeal, in its above-described ruling, unreasonably applied Frazier. Consequently, petitioner has not shown he is entitled to a certificate of appealability with respect to this issue.

Accordingly, petitioner's petition for a certificate of appealability is hereby DENIED.

The Clerk shall forward this order, along with the case file, to the United States Court of Appeals for the Ninth Circuit, from which petitioner may also request issuance of a certificate of appealability. See Fed. R. App. Proc. 22 (b)(1).

**IT IS SO ORDERED.**

Dated:  December 30, 2008

MAXINE M. CHESNEY
United States District Judge